UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH WITCHARD,

    *Plaintiff*,

v.

VIJAYA S. SURAMPUDI, *et al.*,

    *Defendant.*

No. 24-cv-00296 (DLF)

**MEMORANDUM OPINION AND ORDER**

    Joseph Witchard, a prisoner proceeding *pro se*, brings this action against various federal defendants for alleged constitutional violations relating to proceedings in the United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit.  Compl., Dkt. 1.  Before the Court are the defendants' Motion to Dismiss, Dkt. 21, and the plaintiff's Motion for Summary Judgment, Dkt. 22.  For the reasons that follow, the Court will grant the defendants' motion to dismiss and deny the plaintiff's motion as moot.

**I.    BACKGROUND**

    In 2014, Witchard was convicted of nine counts of mail fraud, six counts of filing false claims, six counts of theft of government property, and nine counts of aggravated identity theft in the United States District Court for the Middle District of Florida.  *See* Compl. ¶ 7; *United States v. Witchard*, No. 6:14-cr-112-RBD-GJK-1 (M.D. Fla.); *United States v. Witchard*, 646 F. App'x 793, 794 (11th Cir. 2016).  He was sentenced to a 331-month term of imprisonment.  *See* Compl. ¶ 7.  In 2016, the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence on direct review.  *See Witchard*, 646 F. App'x at 793–99.  Since then, Witchard has

unsuccessfully attempted to overturn his conviction and sentence in a plethora of courts.[1] This action arises out of one of those attempts.

In December 2022, Witchard filed a civil complaint in the United States Court of Federal Claims alleging "unjust convictions and imprisonment" and seeking money damages, as well as an injunction that would effect his immediate release from prison. *See* Compl. at 8–10. The case was assigned to the Honorable Matthew H. Solomson, who proceeded to enter an indefinite stay due to the court potentially lacking jurisdiction. *See id.* at 9; Order, *Witchard v. United States*, No. 22-cv-1818 (Fed. Cl. Dec. 22, 2022). On February 15, 2023, Witchard filed a motion for entry of default, and on February 24, 2023, he filed a motion for final judgment of default. *See* Compl. at 9. On February 27, 2023, Vijaya S. Surampudi, a Department of Justice Trial Attorney, entered a notice of appearance on behalf of the United States. *Id.* The next day, Surampudi asked for a clarification of the stay order, *see id.* at 10. The court reiterated that the case is stayed and that the United States did not need to file a response to the complaint until further order of the court. *See* Order, *Witchard v. United States*, No. 22-cv-1818 (Fed. Cl. Mar. 1, 2023). On April 3, 2023, the court again reiterated that the case is stayed, and denied Witchard's motions for default judgment without prejudice. *See* Order, *Witchard v. United States*, No. 22-cv-1818 (Fed. Cl. Apr. 3, 2023). Witchard alleges that Judge Solomson and Surampudi conspired to "induc[e] a deputy clerk or other court official to make a 'false docket' entry on the Court records of [Witchard's] case" in order to achieve the denial of his motion for final default judgment. Compl. at 10.

On April 5, 2023, Witchard sought a petition for writ of mandamus from the Court of Appeals for the Federal Circuit on the grounds that Judge Solomson engaged in "judicial

---

[1] While the Court presents only the litigation history directly relevant to this action, a thorough summary of Witchard's extensive activity in the courts may be found in *Witchard v. United States*, 165 Fed. Cl. 125, 128–32 (2023).

2

usurpation of authority" by "not granting [Witchard] his entitlement to a final judgment of default." Compl. at 10. The Federal Circuit denied the motion on October 13, 2023. *Id.* Witchard then filed a motion for a panel rehearing, which was also denied. *Id.* Witchard alleges that these denials were also the result of a conspiracy between Judge Solomson and Surampudi to induce circuit clerks or other officials to issue fraudulent orders. *See id.* at 10–11.

Judge Solomson ultimately dismissed Witchard's complaint on April 14, 2023, which Witchard alleges was an act of retaliation. *See id.* at 10. In sum, Witchard alleges that Judge Solomson's and Surampudi's actions were fraudulent and calculated "to rob and disallow Plaintiff's his [sic] constitutional and civil rights to the unjust conviction and imprisonment claim previously filed by him." *Id.* at 11.

Witchard filed the instant action on January 30, 2024, naming as defendants Judge Solomson, Surampudi, the United States Attorney General's Office, the Office of the General Counsel, the Administrative Office of the United States Courts, and other unknown named defendants (collectively, the federal defendants). Dkt. 1. He brings three *Bivens* claims for (1) "denial of affective [sic] access to the court and the right to petition the court" in violation of the First Amendment; (2) "denial of the right to be free from illegal seizure of his liberty" in violation of the Fourth Amendment; and (3) "denial of due process and equal protection of the law" in violation of the Fifth Amendment. Compl. at 12–13. Witchard seeks $50,000,000 in damages, as well as a "mandatory preliminary and permanent injunction, enjoining [Witchard's] heretofore unconstitutionally imposed federal prison sentence." Compl. at 13–14. The federal defendants moved to dismiss, Dkt. 21, and Witchard moved for summary judgment, Dkt. 22.

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[s]overeign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), claims barred by the United States' sovereign immunity are "subject to dismissal under Rule 12(b)(1)," *Clayton v. District of Columbia*, 931 F. Supp. 2d 192, 200 (D.D.C. 2013). When reviewing a motion to dismiss for lack of jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). At the same time, plaintiffs bear the burden of establishing subject-matter jurisdiction, *see Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015), and courts must raise obstacles to their jurisdiction sua sponte, *see Fort Bend Cnty. v. Davis*, 587 U.S. 541, 548 (2019). "[W]hile complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) (cleaned up).

Rule 12(b)(3) of the Federal Rules of Civil Procedure "instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009). The Court accepts the plaintiff's well-pleaded allegations regarding venue as true and draws reasonable inferences from those allegations in favor of the plaintiff. *See Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015). "The court need not, however, accept the plaintiff's legal conclusions as true, and may consider material outside of the pleadings." *Id.* (citation omitted). "The plaintiff has the burden to establish that venue is proper since it is his obligation to institute the action in a

4

permissible forum." *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (internal quotation marks omitted), *aff'd*, No. 20-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). A complaint need not contain "detailed factual allegations," *Iqbal*, 556 U.S. at 678, but alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility," *id*. (internal quotation marks omitted).

### III.   ANALYSIS

The federal defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). Dkt. 21. They argue that Witchard's claims for money damages are barred by sovereign immunity; that this court lacks jurisdiction over Witchard's habeas-related claims; that personal immunity defenses bar Witchard's claims against Judge Solomson and Surampudi; and that Witchard's *Bivens* claims must be dismissed because they attempt to create novel remedies. Mot. to Dismiss at 6–18. Because the Court agrees with the first three grounds,

5

it will not reach the question of whether Witchard's *Bivens* claims are impermissible because they create novel remedies.

### A. Plaintiff's Official-Capacity Claims for Damages

Witchard brings three *Bivens* claims seeking money damages for violations of the First, Fourth, and Fifth Amendments. *See* Compl. at 12–14. He brings these claims against the federal defendants "in their official capacities." Compl. ¶ 44; *see also id.* ¶¶ 46, 48. However, the United States and its agencies can be sued for money damages only if the United States waives its sovereign immunity. *See Meyer*, 510 U.S. at 475. "[A] suit against a government employee in his official capacity qualifies as a suit against the government." *Dougherty v. United States*, 156 F. Supp. 3d 222, 232 (D.D.C. 2016), *aff'd sub nom. Dougherty v. McKee*, No. 16-5052, 2017 WL 2332591 (D.C. Cir. Feb. 2, 2017) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Witchard identifies no waiver of sovereign immunity that would permit him to recovery money damages from the federal defendants. Accordingly, Witchard's official-capacity claims for damages must be dismissed for lack of subject-matter jurisdiction. *See Dougherty*, 156 F. Supp. 3d at 232.

Additionally, a *Bivens* action may not be brought against federal employees in their official capacities, *see Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017), nor against federal agencies, *see Meyer*, 510 U.S. at 486. Because Witchard's *Bivens* claims are directed towards three federal agencies, a DOJ attorney in her official capacity, and a federal judge in his official capacity, Witchard fails to state a claim under Rule 12(b)(6).

### B. Plaintiff's Individual-Capacity Claims for Damages

While Witchard brings claims against Judge Solomson and Surampudi in their official capacities, the Court will construe the complaint liberally to include individual-capacity *Bivens*

6

claims against the defendants because it alleges that they took various actions "under color of federal authority," Compl. ¶ 21, to deprive Witchard of certain constitutional rights. *Cf. Graham*, 473 U.S. at 165 ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."). The Court will dismiss these claims against Judge Solomson and Surampudi because they are entitled to immunity.

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). The conduct underlying this suit involves "function[s] normally performed by a judge, and to the expectations of the parties," *Mireles v. Waco*, 502 U.S. 9, 12 (1991)—namely, issuing a stay order, Compl. ¶ 4, and ultimately ruling against Witchard, Compl. ¶ 5. Witchard argues that the judge's actions were either erroneous or in service of a racially discriminatory "judicial conspiracy formed against the plaintiff." Opp'n, at 2, Dkt. 22. But judges are entitled to immunity even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Witchard also alleges that Judge Solomson, conspiring with Surampudi, induced unnamed clerks or officials to issue "fraudulent" Federal Circuit opinions denying Witchard's petition for a writ of mandamus. Opp'n at 2–3; Compl. at 5–6. But Witchard offers nothing to support these cursory assertions, and the Court must "disregard . . . unsupported factual allegations within the complaint." *Gulf Cost Mar. Supply, Inc. v. United States*, 867 F.3d 123, 128 (D.C. Cir. 2017).

As a government official, Surampudi is, at minimum, entitled to qualified immunity. Qualified immunity protects officials from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

7

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Where there is a legitimate question about the constitutionality of particular conduct, "it cannot be said that [such conduct] violates clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 535 n.12 (1985). The doctrine of qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). Once a defendant has raised the defense of qualified immunity, the plaintiff bears the burden of rebutting it. *See Crawford-El v. Britton*, 523 U.S. 574, 587 (1998).

Witchard has not met his burden of rebutting Surampudi's qualified immunity defense. He alleges that Surampudi entered a notice of appearance for the United States, Compl. at 8, and later filed a notice requesting clarification of the court's stay order, *id.* at 10. But he presents nothing to suggest that Surampudi's filings were improper, much less a violation of a clearly established constitutional right. Instead, Witchard repeats the claim that Surampudi, conspiring with Judge Solomson, induced unnamed clerks and officials to enter false docket entries and issue fraudulent opinions. Opp'n at 2–3. Again, the Court will not credit these factually unsupported allegations.

Accordingly, Witchard has failed to state an individual-capacity claim for damages against either defendant.

### C. Injunctive Relief

In addition to money damages, Witchard seeks enjoinment of his "unconstitutionally imposed federal prison sentence of 331-months." Compl. at 14. "[P]risoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988); *see also Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 662–66 (D.C. Cir. 2013); 28 U.S.C. § 2241. Thus, to the extent that Witchard

challenges the validity of his confinement and seeks immediate release from custody, the Court will construe such a challenge as a petition for habeas relief.

Two procedural rules require the dismissal of Witchard's habeas petition. First, a habeas petition challenging present physical confinement must comply with the "immediate custodian rule," which states that the proper respondent is "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004). Second, under the territorial jurisdiction rule, a "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Witchard is incarcerated at FCI Coleman. Compl. at 3. Witchard's immediate custodian is the warden at FCI Coleman, who is not named as a defendant in this action. And the judicial district embracing FCI Coleman—including Witchard's immediate custodian—is the Middle District of Florida, *see* FCI Coleman Low, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/col/ (last visited March 21, 2025), not the District of Columbia. Thus, to the extent that Witchard brings claims that sound in habeas, the Court will dismiss such claims for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court will dismiss the plaintiff's complaint in its entirety. The Court lacks subject matter jurisdiction over the plaintiff's official-capacity *Bivens* claims because of the United States' sovereign immunity; the plaintiff's individual-capacity *Bivens* claims are barred by personal immunity defenses; and venue in this district is improper to the extent that

the plaintiff brings claims that sound in habeas relief.  These defects are incurable and any amendment would be futile.  Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 21, is **GRANTED**.  It is further

**ORDERED** that the plaintiff's Motion for Summary Judgment, Dkt. 22, is **DENIED** as moot.  It is further

**ORDERED** that this action is **DISMISSED** with prejudice.  The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to the plaintiff's address of record and close the case.  This is a final appealable order.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

March 27, 2025